Broco Oliveras, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
En el presente caso el peticionario solicita que se revise una resolución dictada en corte abierta por el Honorable Edgardo Maldonado, Juez Municipal, el día 19 de marzo de 1997 en el caso de El Pueblo de Puerto Rico v. Luis Ledesma Maldonado, Alberto Soto Hernández y José Raúl Ríos Jiménez, por violación al Art. 272 del Código Penal (posesión y traspaso de documentos falsificados) y al Art. 166(a) del Código Penal (apropiación ilegal agravada). El peticionario acompañó una Moción en Auxilio de Jurisdicción.
De acuerdo con lo informado por el Sr. Luis Ledesma Maldonado, peticionario, éste fue citado por el Fiscal José L. Vázquez Olivo para que compareciera a la Sala de Investigaciones del Tribunal de Primera Instancia de Bayamón. Una vez allí, se sometieron varias denuncias al Hon. Juez Maldonado para la determinación de causa probable para el arresto. El Fiscal informó a dicho Magistrado que se proponía presentar los casos únicamente a base de declaraciones juradas prescindiendo de testimonios orales. Señala el peticionario que solicitó de dicho Magistrado el derecho de contrainterrogar a los *1140 testigos basándose en su interpretación de la Regla 6(a) de Procedimiento Criminal, 34 L. P. R.A. Ap. II, y a lo resuelto en Pueblo v. Jiménez Cruz, 95 D.T.A. 193, de este Tribunal. El Magistrado denegó la referida solicitud del peticionario y paralizó los procedimientos hasta el día 2 de abril de 1997. Pasemos a discutir los planteamientos del peticionario. El texto de la Regla 6(a), supra, invocado por el peticionario es el siguiente:

"(a) Expedición de la orden. Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a). La determinación de causa probable podrá estar fundada total o parcialmente en una declaración por información o creencia con suficiente garantía circunstancial de confiabilidad. Cuando hubiere más de una persona afectada, el magistrado podrá expedir una orden de arresto para cada una de ellas. El magistrado hará constar en la denuncia los nombres de las personas examinadas por él para determinar causa probable.

En esta determinación de causa probable el imputado tendrá derecho a estar asistido de abogado, a contrainterrogar a los testigos en su contra y a ofrecer prueba en su favor."

El citado texto legal fue enmendado por la Ley Núm. 29 de 19 de junio de 1987 con el fin, entre otros, de que la determinación de causa probable para el arresto del sospechoso pudiera basarse en declaraciones juradas escritas, sin la presentación de prueba oral. En el Informe de la Comisión de lo Jurídico de la Cámara de Representantes sobre el P. del S. 1114 de 12 de mayo de 1987, sobre el alcance de la medida, se hizo constar que con dichas enmiendas se introduce un cambio importante en el curso procesal ya que atempera la necesidad de examinar a algún testigo que tuviera conocimiento personal de los hechos como condición sine qua non para que el magistrado pudiera determinar causa probable para expedir la correspondiente orden de arresto o citación. Continúa dicienda dicho informe que: (1) se puede determinar causa probable para creer que se ha cometido un delito a base de declaraciones juradas sometidas con la denuncia; y (2) también se puede determinar causa probable cuando se haya presentado una denuncia por información y creencia, sin que sea necesaria examinar algún testigo con conocimiento personal de los hechos, siempre que hubiere una suficiente garantía circunstancial de confiabilidad.
El referido informe, a la pág. 2, indica que la enmienda sigue la práctica "bien establecida" en la jurisdicción federal. La Regla 4 de Procedimiento Criminal Federal, 18 U.S.C. Rule 4, autoriza la referida práctica al disponer lo que sigue:

"If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue... ".

Es obvio que cuando el fiscal somete el caso a base de declaraciones juradas escritas, éstas tienen que demostrar, por sí mismas, que existe causa probable. Byrnes v. U.S., 327 F.2 825 (C.A.Cal.1964), cert. den. 377 U.S. 970.
Como antes hemos expresado, el peticionario basa su alegado derecho a contrainterrogar en el párrafo de la Regla 6 que reconoce el derecho al sospechoso "a contrainterrogar a los testigos en su contra". Al interpretar la citada frase en forma congruente con las enmiendas introducidas por la Ley Núm. 29 de 19 de junio de 1987, que permiten que se determine causa probable a base de declaraciones juradas escritas, es forzoso concluir que dicho derecho a contrainterrogar se refiere a la situación en que el sospechoso esté presente en la vista y la determinación de causa probable para el arresto esté apoyada, en todo o en parte, por el testimonio oral de uno o más testigos de cargo. El peticionario no puede amparar su derecho a contrainterrogar en ese texto tomado aisladamente. Es claro que el derecho a contrainterrogar por parte del acusado se da únicamente cuando se presentan testigos de cargo.
*1141 Pero, cuando el fiscal descansa en las declaraciones juradas, lo cual permite la Regla 6(a), supra, ese derecho no lo tiene. Por otro lado, si el peticionario provocara la comparecencia obligatoria de las personas que prestaron las declaraciones juradas escritas, cuando el fiscal se propone presentar el caso a base de dichas declaraciones, con meramente invocar su derecho a contrainterrogar se daría al traste con el propósito de las enmiendas de permitir determinaciones de causa probable para el arresto, sin la comparecencia de testigos. Es decir, que el texto introducido por dicha enmienda se convertiría en inoperante. No podemos imputarle a la Asamblea Legislativa la realización de un acto inútil al aprobar dichas enmiendas. No se presume que la Legislatura hace cosas fútiles. Flamboyán Gardens v. Junta de Planificación, 101 D.P.R. 884,888 (1975); Talbott Inter-American, Corp. v. Registrador, 104 D.P.R. 254-262 (1975).
Independientemente de que la determinación de causa probable esté apoyada en el testimonio oral de testigos o en declaraciones juradas, el sospechoso tendría derecho, si lo estima conveniente de presentar prueba de defensa. Véase, por su valor persuasivo, Pueblo v. Rivera Rivera, _ D.P.R. _ (1996), 96 J.T.S. 92 (Sentencia).
Examinado el caso de Pueblo v. Jiménez Cruz, supra, entendemos que el mismo no sostiene la postura del peticionario. En dicho caso se presentaron testimonios orales ante un Juez Municipal, quien determinó la ausencia de causa probable. El caso volvió a someterse para la determinación de causa probable para el arresto ante un Juez de Distrito, magistrado de mayor jerarquía, con prueba testifical adicional. Este último magistrado determinó la existencia de causa probable para el arresto y denegó una solicitud de la defensa para presentar prueba de defensa. Este Tribunal en Pueblo v. Jiménez Cruz, supra, determinó que el magistrado antes mencionado erró al no permitir la presentación de prueba de defensa.
El caso que nos ocupa es distinguible de Pueblo v. Jiménez Cruz, supra, ya que el caso que ahora resolvemos no envuelve testimonios orales y además coincidimos con lo expresado en dicho caso relativo a que el sospechoso puede presentar prueba de defensa.
Por los fundamentos antes expresados, denegamos el recurso de certiorari. Igualmente denegamos la "Moción en Auxilio de Jurisdicción".
Notifíquese inmediatamente por teléfono, facsímil, además de la vía ordinaria.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General